# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 24-03326-ODW (DFM) | Date: | August 28, 2024 |
|---|---|---|---|
| Title | Kevin Dwayne Walker v. Superior Court of Los Angeles, et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge | |
|---|---|---|
| Nancy Boehme | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorney(s) for Petitioner(s): | | Attorney(s) for Respondent(s): |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

On August 15, 2024, Petitioner Kevin Dwayne Walker, a state prisoner proceeding pro se, filed a First Amended Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241. See Dkt. 6 ("FAP"). Because Petitioner is not in federal custody but rather in state custody at Centinela State Prison in Imperial County, California, pursuant to the judgment of the Superior Court for Los Angeles County, see id. at 2, the Court construes the Petition as one brought under 28 U.S.C. § 2254.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Under this rule, district courts may "consider, sua sponte, the timeliness of a state prisoner's habeas petition." Day v. McDonough, 547 U.S. 198, 202 (2006). "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their petitions." Id. For the reasons set forth below, Petitioner is ordered to show cause why the Petition should not be dismissed.

## I. BACKGROUND

On April 4, 2002, Petitioner was convicted of robbery under California Penal Code § 211. See FAP at 2; see also Superior Court of California, County of Los Angeles, Criminal Case Summary, https://www.lacourt.org/criminalcasesummary/ui/ (search by number

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

"BA228434") (last accessed Aug. 20, 2024).[1] He pleaded nolo contendere, and the Superior Court for Los Angeles County sentenced him to 25 years to life. See Superior Court of California, County of Los Angeles, supra.

Petitioner challenges his 2002 conviction and sentence, arguing that the trial court and prosecution conspired to violate his due process rights by "deliberately fabricat[ing] the whole case file documents with false information." See FAP at 3, 11. Petitioner claims that he received ineffective assistance of counsel due to his counsel's alleged complicity in the purported conspiracy and "lack of participation" in his proceedings. See id. Petitioner also argues that the trial court violated his right against "double jeopardy" by improperly including his robbery conviction as a "strike" under California's Three Strikes law. See id. at 4-5.

## II. DISCUSSION

A. Second or Successive § 2254 Petition

Petitioner has previously filed a § 2254 petition in this district. See Kevin D. Walker v. Michael Evans, No. CV 08-00559-JSL-SS (C.D. Cal. filed Jan. 28, 2007). In that petition, Petitioner challenged his conviction on the grounds that: (1) the plea offer violated an unspecified professional code of conduct; (2) the application of the "three strikes" law deprived him of due process; and (3) the trial court's denial of his motion to withdraw his plea violated his rights under the Eighth and Fourteenth Amendments. See Walker, No. CV 08-00559-JSL-SS, Dkt. 1 at 5-6. On May 23, 2008, the district court issued its judgment dismissing the petition with prejudice. See Walker, No. CV 08-00559-JSL-SS, Dkt. 10. In the instant action, Petitioner challenges the same conviction.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "places strict limitations on the ability of a petitioner held pursuant to a state judgment to file a second or successive federal petition for writ of habeas corpus." Gonzalez v. Sherman, 873 F.3d 763, 767 (9th Cir. 2017) (citing 28 U.S.C. § 2244(b)(1)). A petitioner must obtain an order from the court of appeals authorizing a second or successive petition before he may file such a petition in district court. See 28 U.S.C. § 2244(b)(3)(A); Magwood v. Patterson, 561 U.S. 320, 330-31 (2010). Any claim presented in a second or successive habeas petition under § 2254 that was presented in a prior application shall be dismissed. 28 U.S.C. §

---

[1] Petitioner was also charged with one count of assault with a deadly weapon under California Penal Code § 245(a)(1) and one count of elder or dependent adult abuse under California Penal Code § 368(b)(1). See Superior Court of California, County of Los Angeles, supra. However, these charges were dismissed as part of Petitioner's plea negotiation. See id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

2244(b)(1). Any claim presented in a second or successive habeas petition under § 2254 that was not presented in a prior application shall be dismissed unless:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Here, Petitioner has not obtained the requisite order from the Ninth Circuit authorizing him to file this Petition. Moreover, while the Petition appears to assert new claims, the Court has doubts as to whether Petitioner can satisfy the requirements under § 2244(b)(2). Accordingly, § 2244 appears to bar this action.

B. Statute of Limitations

Based on records from the Superior Court for the County of Los Angeles, the California Second District Court of Appeal, and the California Supreme Court, it appears that Petitioner did not directly appeal his conviction. See Superior Court of California, County of Los Angeles, supra; California Courts, Appellate Court Case Information, 2nd Appellate District, https://appellatecases.courtinfo.ca.gov/search.cfm?dist=2 (search by name "Kevin Walker") (last accessed Aug. 20, 2024) (no record of criminal appeal by Petitioner); California Courts, Appellate Court Case Information, Supreme Court, https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (search by name "Kevin Walker") (last accessed Aug. 20, 2024) (same).

Instead, it appears that Petitioner filed several habeas corpus petitions in the state courts before filing the instant Petition. See Superior Court of California, County of Los Angeles, supra (noting petitions filed on June 20, 2006; August 3, 2006; November 21, 2006; January 3, 2013; and April 5, 2023). According to state appellate court records, Petitioner filed two habeas petitions in the Court of Appeal, Second Appellate Division. See California Courts, Appellate Court Case Information, 2nd Appellate District, supra (noting Case No. B195051 (filed on November 21, 2006, and denied on January 25, 2007) and Case No. B304406 (filed on February 24, 2020, and denied on August 14, 2020)). Petitioner also filed three habeas petitions with the California Supreme Court. See California Courts,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Appellate Courts Case Information, Supreme Court, <u>supra</u> (noting Case No. S274249 (filed on April 25, 2022, and denied on August 10, 2022); Case No. S278050 (filed on January 9, 2023, and denied on May 3, 2023); and Case No. S282871 (filed on November 29, 2023, and denied on March 12, 2024)).

Under the AEDPA, a one-year limitations period applies to a federal petition for writ of habeas corpus filed by a person in state custody. <u>See</u> 28 U.S.C. § 2244(d)(1). Ordinarily, the limitations period runs from the date on which the petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." <u>Id.</u>

Here, if Petitioner did not appeal his trial court conviction, his conviction became final once the time to file an appeal expired. Petitioner was required to file an appeal within 60 days after the trial court rendered its judgment. <u>See</u> California Rules of Court, Rule 8.308(a). Petitioner indicates that he was convicted and sentenced in either April or May 2002. <u>See</u> FAP at 2. Thus, it appears that Petitioner's conviction became final in June or July 2002. AEDPA's one-year limitations period would have thus expired in June or July 2003. <u>See</u> U.S.C. § 2244(d)(1). However, Petitioner did not file the instant action until April 19, 2024, many years after his conviction became final. In the absence of any applicable tolling, it thus appears that the Petition is untimely.

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" <u>Nedds v. Calderon</u>, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)). Statutory tolling does not extend to the time between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because, during that time, there is no case "pending." <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999).

Here, in addition to his prior federal habeas petition, Petitioner filed several habeas petitions in state court. <u>See</u> Superior Court of California, <u>supra</u>. However, Petitioner has not demonstrated that he is entitled to statutory tolling or that such tolling would bring the instant action within the statute of limitations. On the contrary, it appears that Petitioner's state-court habeas petitions were not filed until after his conviction became final and thus would not entitle him to statutory tolling under AEDPA. <u>See</u> <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

In addition to the statutory tolling provided for by § 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." <u>Doe v. Busby</u>, 661 F.3d 1001, 1011 (9th Cir. 2011). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." <u>Bills v. Clark</u>, 628 F.3d 1092, 1097 (9th Cir. 2010) (alteration in original). A court may grant equitable tolling only where "'extraordinary circumstances'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). Here, Petitioner has not offered any explanation for his failure to file the instant Petition in a timely manner and therefore has not shown that he is entitled to equitable tolling.

### III.     CONCLUSION

**Accordingly, Petitioner is ORDERED TO SHOW CAUSE in writing no later than twenty-eight (28) days from the date of this Order why this action should not be dismissed (1) as an improperly filed second or successive habeas petition; and (2) as untimely under the statute of limitations.**

Petitioner may instead request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). The Clerk of the Court has attached a Notice of Dismissal form.

Petitioner is warned that his failure to timely respond to this Order will result in the Court recommending that this action be dismissed with prejudice for some or all of the reasons listed above and for failure to prosecute. See Fed. R. Civ. P. 41(b).