JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| KEVIN DWAYNE WALKER, <br><br> Petitioner, <br><br> v. <br><br> SUPERIOR COURT OF LOS ANGELES et al., <br><br> Respondent(s). | Case No. CV 24-03326-ODW (DFM) <br><br> ORDER SUMMARILY DISMISSING PETITION AND DENYING A CERTIFICATE OF APPEALABILITY |

## I. INTRODUCTION

On August 15, 2024, Petitioner Kevin Dwayne Walker, a state prisoner proceeding pro se, constructively filed a First Amended Petition for Writ of Habeas Corpus by a person in state custody pursuant to 28 U.S.C. § 2254. See Dkt. 6 ("FAP"). Petitioner challenges his 2002 conviction for robbery, entered in Los Angeles County Superior Court, Case No. BA228434. See id. at 2.

For the reasons set forth below, the Petition is dismissed without prejudice as an unauthorized second or successive petition.

## II. PRIOR PROCEEDINGS

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus action, Kevin D. Walker v. Michael Evans, No. CV 08-00559-JSL (SS) (C.D. Cal.

filed Jan. 28, 2008). There, Petitioner sought relief from his 2002 conviction, and the petition in that case was dismissed with prejudice as untimely. See No. CV 08-00559 (Apr. 21, 2008), Dkt. 7, report and recommendation adopted, No. CV 08-00559 (May 23, 2008), Dkt. 9. It does not appear that Petitioner appealed that decision to the Ninth Circuit.

In the instant action, Petitioner challenges the same 2002 conviction. See FAP at 2. Petitioner alleges that the trial court and prosecution conspired to violate his due process rights by "deliberately fabricat[ing] the whole case file documents with false information." See id. at 3, 11. He further alleges that he received ineffective assistance of counsel due to his counsel's alleged complicity in the purported conspiracy and "lack of effective participation" in his proceedings. See id. at 3. Finally, he alleges that the trial court violated his right against "double jeopardy" by improperly including his robbery conviction as a "strike" under California's Three Strikes law. See id. at 4-5.

### III. DISCUSSION

The Court has a duty to screen habeas corpus petitions. See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes. Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not entitled to relief, the rule states that the judge "must dismiss the petition." Id.; see also Local Rule 72-3.2; Mayle v. Felix, 545 U.S. 644, 656 (2005).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to the instant Petition. AEDPA "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus petitions." Tyler v. Cain, 533 U.S. 656, 661 (2001). AEPDA requires that "before filing [a second or successive habeas corpus] application in the district court, a prisoner 'shall move in the appropriate court of appeals for an

order authorizing the district court to consider the application.'" Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (quoting 28 U.S.C. § 2244(b)(3)(A)). A district court does not have jurisdiction to consider a second or successive petition absent authorization from the court of appeals. See id. at 152. The court of appeals may authorize the filing of a second or successive petition only if it determines that at least one of the petitioner's claims satisfies the requirements of 28 U.S.C. § 2244(b). See Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000).

Here, the Petition is a second or successive petition challenging the same conviction at issue in Petitioner's prior habeas action, which was dismissed with prejudice as untimely. Petitioner contends his claims in the instant Petition differ from those raised in his prior petition, and that the "insights of the amended exhibits" attached to his instant Petition demonstrate "how participants changed case file information [and] fabricated false evidence." See Dkt. 13. But Petitioner does not dispute that he has failed to move in the Ninth Circuit for an order authorizing this Court to consider the Petition. Regardless of whether Petitioner can satisfy the requirements of 28 U.S.C. § 2244(b)(2), he must request and obtain authorization from the Ninth Circuit Court of Appeals before filing a second or successive petition. The Court, therefore, lacks jurisdiction over the Petition. See 28 U.S.C. § 2244(b)(3); Burton, 549 U.S. at 152.[1]

### IV. CONCLUSION

The Petition is dismissed without prejudice for lack of jurisdiction. If Petitioner wishes to make a second or successive application in this Court, he

---

[1] Because the Court lacks jurisdiction over the Petition, the Court does not reach the issue of whether the Petition satisfies the exceptions set forth in 28 U.S.C. § 2244(b)(2).

must first file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" **directly with the Ninth Circuit**.

A certificate of appealability will not issue because there has not been a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Date: November 7, 2024

_____
OTIS D. WRIGHT, II
United States District Judge

Presented by:

_____
DOUGLAS F. MCCORMICK
United States Magistrate Judge